CLEVELAND ROLLING-MILL CO. (WOOD v.). See Case No. 17.941.

CLEW (UNITED STATES v.). See Case No. 14.819.

---

## Case No. 2,891.

### In re CLEWS.

[19 N. B. R. 109.][1]

District Court, S. D. New York. Nov. 30, 1878.

PROOF OF FRAUDULENT DEBT AGAINST BANKRUPT —SUBSEQUENT ACTION.

A creditor whose debt was created by the fraud of the bankrupt does not, by proving his claim and taking a dividend, waive his right to maintain an action for the balance of the debt.

In bankruptcy.

Abbott Bros., for motion.
W. L. Sessions, contra.

CHOATE, District Judge. This is a motion to stay proceedings in a suit brought in a

[1] [Reprinted by permission.]

state court against the bankrupts, and to set aside a warrant of arrest issued in that suit against the bankrupt Clews. The bankrupts have received their discharge in bankruptcy, and it is claimed on their behalf that this creditor has waived his right to maintain any action against them for the cause of action sued on, even if that cause of action was created by the fraud of the bankrupts, because they came in and proved their debt and took a dividend. The statute provides: "No creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him, and all proceedings already commenced, or unsatisfied judgments already obtained therein against the bankrupt shall be deemed to be discharged and surrendered thereby." Stat. 1867, c. 176, § 21 [14 Stat. 526]. And by the 33d section of the same act it was provided that "no debt created by the fraud or embezzlement of the bankrupt, etc., shall be discharged under this act, but the debt may be proved and the dividend thereon shall be a payment on account of said debt." In re Robinson [Case No. 11,939], Mr. Justice Nelson held that the effect of these provisions, considered together, was that in case of a fiduciary debt or debt created by fraud coming within the class of debts described in section 33, the creditor might prove his claim and take his dividend, and that he did not thereby waive his right to maintain an action for the balance of the debt. That case is decisive of this point in the present case. It is urged that that decision is clearly in conflict with the decisions of the federal courts, including the supreme court, under the fifth section of the bankrupt law of 1841 [5 Stat. 444], it being held under that act that a fiduciary creditor who proved his claim thereby waived his right to maintain an action for the debt. Chapman v. Forsyth, 2 How. [43 U. S.] 202; In re Tebbetts [Case No. 13,817]; In re Comstock [Id. 3,073]; and other cases. But there is no such conflict. The provisions of section 5 of the act of 1841 were substantially the same as those of section 21 of the act of 1867, cited above; but the act of 1841 contained no similar provision to that quoted above from section 33 of the act of 1837, permitting the creditor to prove his debt, and making the dividend a receipt on account, and there were other provisions of the act of 1841 indicating a different policy from that so clearly appearing in section 33 of the act of 1867. The decision in Robinson's Case [supra] proceeds upon a difference in the language of the two acts, and was in accordance with the obvious meaning of the thirty-third section of the act of 1867.

The case made by the complaint and the affidavits on which the order of arrest was issued is a clear case of a debt created by the fraud of the bankrupt within the meaning of the thirty-third section of the bankrupt law.

The case as stated is that the defendants were agents of the plaintiffs to collect drafts and other evidences of debt belonging to them; that while so employed they became insolvent, and with full knowledge of such insolvency nevertheless collected the drafts and passed the proceeds to the credit of the plaintiffs. In other words, the bankrupts (as the case is stated against them) receiving a draft of the plaintiffs upon the trust in respect to them, which they knew they could not perform otherwise than by keeping them and their proceeds wholly distinct and separable from all other funds, turned them into money, and mingled the money with their own, so that they could no longer be traced. They thereby ceased indeed to hold the drafts or the proceeds in trust, and became debtors for the amount to the plaintiffs. The very creation of this debt, however, was an actual fraud and a violation of a duty which they had assumed in a fiduciary character. The point made by the bankrupts might be good, if they had, without knowledge of their insolvency, collected the drafts and passed the proceeds to the credit of the plaintiffs, as they claim in their answer was the fact. In that case the decisions that have been made in the cases of factors and others, who have been held not to be liable to arrest after discharge in bankruptcy, might be in point. But the case here made is a case of positive fraud, or fraud in fact, and not one of implied fraud, or fraud in law. Neal v. Scruggs, 95 U. S. 704. Still the question of fact on the issue of fraud being triable in the state court, that question does not come up for determination in this court. Motion denied, and stay of proceedings vacated.